# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION AT MEMPHIS

**PROGRESSIVE HAWAII
INSURANCE CORP.,**

      **Plaintiff,**

v.                                         No._____
                                           Judge:_____

**JOSHUA SKIBA, TIFFANY
GAMBLE, and
STEVEN HOLMES,**

      **Defendants.**

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now Plaintiff, Progressive Hawaii Insurance Corp., and for its Complaint against Defendant Joshua Skiba, Defendant Tiffany Gamble and Defendant Steven Holmes, would state and show as follows:

1. Plaintiff Progressive Hawaii Insurance Corp. ("Progressive") is an Ohio corporation with its principal place of business located in Mayfield Village, Ohio, and duly qualified to do business in Tennessee.

2. Defendant Joshua Skiba is a resident and citizen of Obion County, Tennessee, and may be served with process at his residence located at 410 S. 5th Street, Union City, Tennessee 38261.

3. Defendant Steven Holmes is a resident and citizen of Obion County, Tennessee and may be served with process at his residence located at 1405 E. High Street, Union City, Tennessee 38261.

4. Defendant Tiffany Gamble is a resident and citizen of Obion County, Tennessee or Weakley County, Tennessee and may be served with process at her residence located at 612 N. 1st Street, Union City, Tennessee 38261 and/or 930 Wingo Levee Road, Greenfield, Tennessee 38230.

5. Plaintiff brings this action for declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202.  This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. § 1332 as it is between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

6. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391, and Local Rule of Court 77.1(c), because it is the district in which a substantial part of the events giving rise to the claim occurred and in which Defendants reside.

7. Plaintiff Progressive issued its Automobile Policy of Insurance, policy number 905241357 (copy attached as **Exhibit A**), to Joshua Skiba and Steven Holmes with effective dates of March 3, 2015 through September 3, 2015.  This policy was cancelled for non-payment effective July 27, 2015 and was not in place at any time relevant to this litigation.

8. On November 12, 2015, an accident occurred in Fulton County, Kentucky at which time Tiffany Gamble was a passenger in an automobile operated by Joshua Skiba that was involved in the accident.  Tiffany Gamble has made a claim with Progressive under the policy issued to Mr. Skiba and Mr. Holmes for alleged injuries she received as a result of that accident.

9. Defendants Joshua Skiba and Steven Holmes have demanded that Plaintiff Progressive provide coverage for the above-referenced claim.

10. Plaintiff Progressive contends and asserts that it has no duty under its Automobile Policy, policy number 905241357, to provide coverage for the claim asserted by Tiffany Gamble against Joshua Skiba and/or Steven Holmes. Therefore, an actual, justiciable controversy exists relating to the legal rights and duties of the parties named herein.

11. Progressive's Automobile Insurance Policy states in part:

**CANCELLATION**
**You** may cancel this policy during the policy period by calling or writing **us** and stating the future date **you** wish the cancellation to be effective.

**We** may cancel this policy during the policy period by mailing a notice of cancellation to the named insured shown on the **declarations page** at the last known address appearing in **our** records.

**We** will give at least 10 days notice of cancellation if:
**1.**   **we** cancel during the first 59 days of the initial policy period; or
**2.**   the policy is cancelled for nonpayment of premium.
…
After this policy is in effect for 60 days, or if this is a renewal or continuation policy, **we** may cancel only for one or more of the following reasons:
1.   nonpayment of premium;
…
Proof of mailing will be sufficient proof of notice.  If this policy is cancelled, coverage will not be provided as of the effective date and time shown in the notice of cancellation.  For purposes of cancellation, this policy is neither severable nor divisible.  Any cancellation will be effective for all coverages for all persons and all vehicles.

**CANCELLATION REFUND**

Upon cancellation, **you** may be entitled to a premium refund. However, **our** making or offering of a refund is not a condition of cancellation.

12. March 3, 2015, Defendant Steven Holmes purchased a policy of insurance through Progressive with his son, Joshua Skiba, as the named insured. Mr. Holmes was listed on the policy as a named insured but an excluded driver and paid the initial policy premium.

13. On July 15, 2015 Progressive received a notice of insufficient funds when it attempted to debit Mr. Holmes' account for the required premium. On that same date, an email was sent to Joshua Skiba informing him of the cancellation.

14. On July 16, 2015 a notice of cancellation was mailed to both insureds at 1405 E. High Street, Union City, TN, the address listed on the declarations page of the policy. The policy was set to cancel at 12:01 a.m. on July 27, 2015.

15. On July 27, 2015, a "Renewal bill" was mailed to the same address reminding the insureds that the cancellation was mailed previously to them. The correspondence reminded them that failure to pay the premium would result in the policy's cancellation. That letter specifically stated that the renewal bill does not supersede the cancellation.

16. On July 28, 2015, a notice was mailed stating that the policy was cancelled and that the insured(s) owed $76.92 in back premium.

17. On August, 11, 2015, the insured(s) attempted to pay $121.60 for the premium owed on the, now cancelled, policy.

18. On August 23, 2015, Plaintiff Progressive refunded the balance of the $121.60 paid by Mr. Holmes, accounting for the $76.92 owed in back premium.

19. The accident for which a claim is being made occurred on November 12, 2015 after the effective cancellation date of the policy.

20. Pursuant to the above-referenced provisions of the policy of insurance, and the facts alleged herein, Plaintiff Progressive contends that it has no duty to provide coverage for any liability arising out of the auto accident of November 12, 2015 including any alleged injuries received by Defendant Tiffany Gamble as a result of said accident. As such, Plaintiff seeks a declaration from this Court that the policy of insurance was properly and effectively cancelled prior to the date of the alleged accident and injuries thereby resulting in no coverage under the aforementioned policy of insurance.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays:

1. That process issue and be served upon the Defendants requiring each of them to answer this Complaint for Declaratory Judgment;

2. For a declaration of rights, obligations, and legal relations of the Plaintiff and Defendants by reason of the aforesaid policy of insurance;

3. For a declaration that Plaintiff is not obligated to provide coverage under policy number 905241357, either through defense or indemnity, to

Defendant Joshua Skiba and/or Defendant Steven Holmes for the above-referenced automobile accident and alleged injuries of Tiffany Gamble;

4. For the costs of this cause; and

5. For such other relief to which Plaintiff may be entitled under the facts and circumstances of this cause.

        Respectfully submitted,

        RAINEY, KIZER, REVIERE & BELL, P.L.C.

        By:   /s/ Bradford D. Box
             BRADFORD D. BOX, BPR #016596
             Attorney for Plaintiff
             209 East Main Street
             P. O. Box 1147
             Jackson, TN 38302-1147
             (731) 423-2414